IN CLERKS OFFICE
U.S. DISTRICT COURT ─── N.Y:
★ MAY 23 2008 ★
P.M. ─────
TIME A.M. ─────

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MIKHAIL NISANOV and MARGARITA
NISANOV,

                Plaintiffs,

-against-

BLACK & DECKER (U.S.) INC.,

                Defendant.
----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

05 Civ. 5911 (BMC)(SMG)

**COGAN**, District Judge.

This is a diversity products liability suit brought by plaintiffs, an injured husband (Mikhail Nisanov) and his wife, against defendant manufacturer and designer of an electric lawnmower, Black & Decker ("B&D"). Plaintiffs assert claims for negligent design and manufacture; strict liability defective design and manufacture; and breach of warranty. Presently before the Court is plaintiffs' motion for reconsideration of the Court's decision and order granting defendant's motion in limine to exclude the testimony of two experts that plaintiffs have designated.

As the Court noted in its April 2, 2008 decision and order, for expert testimony on design defect to be relevant, not only "must it offer feasible alternative design, but the expert must also establish that his hypothetical design would have resulted in greater safety *in the . . . accident at issue*." Zaremba, v. Gen. Motors Corp., 360 F.3d 355, 359 (2d Cir. 2004) (emphasis added). In granting defendant's motion to exclude the testimony of Mr. Harry Ehrlich, the Court explained that:

Although it may be self evident that a more fully recessed switch would be less easily actuated by accident, we do not know whether such a switch would have turned on during the replicated accident (putting aside the difficulties in replicating the accident), because it was not built and tested.

Ehrlich offers no calculations to show that the alternative designs would have prevented the accidental actuation of the lawnmower under the range of circumstances that might have converged to cause Nisanov's injury.

In support of their motion for reconsideration, plaintiffs submit a supplemental affidavit from Ehrlich in which he explains that subsequent to the Court's ruling he replicated Nisanov's accident and conducted tests of the alternate mower design and found that the mower could not be actuated under the circumstances. Ehrlich refers to this test as a "demonstration" that he ostensibly conducted in order to "demonstrate why it was not necessary to perform a physical test to determine" that the alternative switch design would have resulted in greater safety in the accident at issue.

The manner in which Ehrlich and plaintiffs frame the issue is an obvious attempt to avoid the standard for a motion to reconsider under Local Rule 6.3.[1] A motion for reconsideration under Local Rule 6.3 is ordinarily granted only when the moving party has shown that the Court overlooked controlling law or facts that were put before it, which, had they been considered, would have altered the disposition of the underlying motion. Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995). Opinion evidence or facts that were known or discoverable and presentable on the original motion, but were not, are not appropriate support for a motion to reconsider. Sequa Corp. v. GBJ Corp., 156 F.3d 136 (2d Cir. 1998). As defendant correctly points out, because the "demonstration" conducted by Ehrlich, which is actually the testing he should have done to support his original opinion, could and should have been done before

---

[1] Ehrlich says the reason he did not do the testing before is because the results were "obvious," but of course if the results were obvious, then the jury would not need to receive an expert opinion.

Page 2 of 4

defendant made this motion, plaintiffs cannot point to any controlling law or facts overlooked by the Court in deciding that motion.

Nevertheless, the decision to grant or deny a motion for reconsideration is a matter of discretion, see Devlin v. Transp. Communications Int'l Union, 175 F.3d 121 (2d Cir. 1999), and the Court's objective is the administration of justice. Plaintiffs' expert has now conducted testing of the alternate design of the mower, and with that testing his opinion is sufficiently relevant and reliable. It would be unjust to punish plaintiffs because their counsel did not apprehend the requirements of Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), and its progeny. Moreover, defendant will not be prejudiced, apart from its costs and attorneys fees, if the Court allows Ehrlich to testify.

Therefore, plaintiffs' motion is granted to the extent it seeks to have Ehrlich's testimony allowed, and the Court Orders that plaintiffs must pay ½ of defendant's reasonable costs and attorneys' fees incurred in briefing its initial motion in limine, and this motion to reconsider (I am imposing ½ the costs and attorneys' fees because defendant's motion was also addressed to Dr. Michael Wogalter), and the full costs and attorneys' fees for taking a second deposition of Ehrlich, if defendant so desires, which deposition is to be completed within thirty days. The total amount of costs and attorneys' fees for which plaintiffs will be responsible shall not exceed $5,000.

Plaintiffs also ask the Court to reconsider that aspect of its decision and order granting defendant's motion to exclude the testimony of Dr. Michael Wogalter. However, plaintiffs have not presented any controlling law or facts overlooked by the Court, and plaintiffs have failed to remedy the flaws in Dr. Wogalter's opinion. Plaintiffs' motion to reconsider is therefore denied to the extent it applies to Dr. Wogalter.

SO ORDERED.

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 19, 2008